# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**JAY LESTER-CHARLES STOKES**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:12-CR-161

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

     ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

     ☐ an offense for which the maximum sentence is life imprisonment or death.

     ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
_____

     ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

     ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

     ☒ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the ~~appearance of the defendant as required and the~~ safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 25 years old. He states he is in good health, but he has no employment history for the past 6 years and smokes marijuana on a daily basis. Since the age of 18 he has been convicted on 17 different occasions. While many of the convictions have been for driving while license suspended, he has also been convicted of assaulting, resisting or obstructing a police officer on two occasions (the first resulting in a 9-month sentence and the second resulting in a sentence of one year), and for drug violations and being a felon in possession of a firearm. Normally, the court would give little weight to a conviction for driving while license suspended, except in this instance (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community from further criminal conduct by this defendant, based upon the unrebutted presumption in this regard, and, in the alternative, by the extensive evidence of defendant's repeated disregard for the law, whether on bond, probation or parole, or not. The court cannot release on bond, nor attempt to manage, someone who is going to intentionally disregard his legal obligations, (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 16, 2012

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

defendant has been charged 17 times with this offense and convicted 10 times.  Sometimes these offenses occur just days apart (example 7/23/2007 and 7/25/2007) and sometimes defendant was charged and/or convicted on a monthly basis (e.g., March, June, July, August, September 2007; and October, November, December 2008, and January 2009).

Three of these suspended license offenses occurred between December 8, 2008 and January 8, 2009, immediately prior to the day defendant was sentenced for being a felon in possession and resisting a police officer (January 9, 2009), while he was presumably on bond.  Two more of these offenses, on September 15, 2010, and August 8, 2011, occurred while defendant was on parole.

Taken together, the court can only conclude from this repetitious conduct that defendant was openly and purposely flouting his disregard of the law.

This behavior has been the norm, not the exception.  The Pretrial Services Report also listed four previous times defendant was placed on probation for misdemeanor violations, and each time probation was revoked.

Defendant has also continued his pattern of criminal behavior when not on probation or parole.  Defendant was released from parole in December 2011 and purportedly committed the four offenses charged in the indictment the following month, in January 2012.  And while the investigation of those offenses was pending, the police also purportedly found defendant to be in possession of 4.5 ounces of cocaine in May 2012, in the Eastern District of Michigan.  Finally, it is represented that when defendant was arrested last week, he was smoking marijuana with a 16-year-old child.

**Part II - Written Statement of Reasons for Detention** - (continued)

as defendant has consistently done.